UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVANTIGROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:11-CV-1328 (CEJ) ) |
| MANGIA MOBILE, LLC, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is the plaintiff's motion for leave to file a second amended complaint. Defendant opposes the motion and the issues are fully briefed.

I. Background

In this trademark infringement action, plaintiff claims that defendant operated a food truck under a name that was confusingly similar to the name of plaintiff's restaurant. On November 21, 2011, the Court entered a case management order setting a deadline of December 19, 2011 for adding parties or amending pleadings without leave. The Court granted a joint motion by the parties to amend the case management order on April 20, 2012. The amended case management order established a discovery completion deadline of December 20, 2012 and a dispositive deadline of January 22, 2013. The trial date is June 24, 2013.

Based on information acquired through discovery, plaintiff states that there are additional entities and individuals who are related to and may share liability with defendant for infringement. Plaintiff seeks to amend its complaint to add nine new defendants.

## II. Legal Standard

"Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions 'when justice so requires.' Rule 16(b), however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order 'shall not be modified except upon a showing of good cause.' " Schenk v. Chavis, 259 F. App'x 905, 907 (8th Cir.2008). Thus, a party seeking to amend its pleadings must satisfy the standards under Rule 15(a) *and* Rule 16(b), Fed. R. Civ. P., where the amendment would be contrary to the time limitations set forth in both rules.

Rule 15(a) states that plaintiff may file an amended complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]enial of leave to amend a pleading is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir.2001).

Under Rule 16(b), the moving party must show good cause in order to be granted leave to amend. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir.2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir.2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir.2006). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has

not been diligent in meeting the scheduling order's deadlines." Sherman, 532 F.3d at 717.

### III.    Discussion

Defendant contends that plaintiff failed to exercise due diligence in meeting the Court's deadline for amending pleadings. Specifically, defendant states that plaintiff unreasonably waited until February 2012 to conduct discovery pertaining to defendant's management structure, plaintiff considered adding new defendants as early as November 2011, and  plaintiff could have requested an extension of the December 19 deadline for amending pleadings but failed to do so.

Based on the information submitted by the parties, the Court finds that plaintiff exercised due diligence in seeking to discover the facts that give rise to the allegations set forth in the proposed second amended complaint.  Although plaintiff was on notice that defendant's members had transferred ownership to three trusts as early as October of 2011, the factual basis for plaintiff's  claims against the other defendants named in the proposed amended complaint was not apparent until plaintiff received defendant's relevant discovery responses on April 9, 2012.  The Court finds that plaintiff has demonstrated good cause for seeking to amend the complaint at this time.

The defendants plaintiff seeks to add are the three individuals who operated defendant; their parents who are alleged to have been original members of defendant Mangia Mobile, LLC, and who helped fund and organize defendant; a company that is alleged to be the defendant's alter ego; and the three trusts that now own defendant. All of the new defendants are closely-related and have had notice of this suit.  Further, the claims against the nine new defendants do not differ from those in the first amended complaint; plaintiff merely asserts an additional theory of liability against the

new defendants based on the same facts that were previously alleged. Finally, the parties will have until December 20, 2012 to conduct additional discovery and may request to extend this deadline for good cause. Under these circumstances, the Court finds that no defendant will be prejudiced by allowing plaintiff leave to file a second amended complaint.

Last, defendant argues that if leave to amend is granted, then the Court should strike the prayers for attorneys' fees, costs, and prejudgment interest. Defendant's request is premature.  The determination of whether or not to grant leave to amend (which is the issue presently before the Court) is not dependent on whether plaintiff will be entitled to all of the relief sought in the proposed amendment.  After the second amended complaint is filed, defendant will have the opportunity to file a motion to strike the relief prayed for.  If a motion to strike is filed, defendant must cite authority to support it.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the plaintiff's motion for leave to file a second amended complaint [Doc. #87] is **granted**.  The Clerk of Court shall file and docket the second amended complaint [Doc. #88-1] submitted by plaintiff.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of August, 2012.