UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EVANTIGROUP, LLC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:11-CV-1328 (CEJ) |
|  | ) |  |
| MANGIA MOBILE, LLC et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

Before the Court are defendants' motion for a protective order and motion to bifurcate the trial. Plaintiff opposes both motions and the issues are fully briefed.

### Motion for Protective Order

The defendants seek a protective order that would prohibit plaintiff's inquiry into the personal assets and net worth of defendants Adele Z. Daake, Catherine M. Daake, Alexander C. Daake, and Thomas O. Daake, Jr. during discovery. Plaintiff responds that this information is relevant to the issues raised in the second amended complaint, *i.e.*, punitive damages and piercing the corporate veil of defendants Mangia Mobile, LLC and C.A.T. I, LLC, entities allegedly controlled by the Daake defendants.

Rule 26(b) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(c)(1)(A) authorizes a court, for good cause, to issue an order limiting discovery "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden expense." The party moving for a protective order has the burden of demonstrating good cause for the order. <u>Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No.</u>

2, 197 F.3d 922, 926 (8th Cir. 1999); Infosint SA v. H. Lundbeck A.S., 2007 WL 1467784 (S.D.N.Y. May 16, 2007); Uniroyal Chem. Co. v. Syngenta Crop Prot., 224 F.R.D. 53, 56 (D. Conn. 2004). The movant "must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." Frideres v. Schlitz, 150 F.R.D. 153, 156 (S.D. Iowa 1993). "[T]he moving party must demonstrate that 'disclosure will work a clearly defined and very serious injury.'" Uniroyal Chem Co., 224 F.R.D. at 56.

In the instant case, defendants have presented nothing more than conclusory statements regarding the potential harm that could arise without a protective order. Defendants do not explain how inquiries regarding the personal assets and net worth of the Daake defendants would be unduly burdensome or cause annoyance, embarrassment, or oppression. Further, defendants are incorrect in their argument that a party must first make a submissible case for punitive damages prior to requesting discovery of financial information. See Christian v. Frank Bommarito Oldsmobile, Inc., 2009 WL 1657423, *2-3 (E.D.Mo. 2009) (a prima facie showing that the plaintiff is entitled to recover punitive damages is not a prerequisite to discovering defendant's financial condition). Accordingly, the defendants have not demonstrated the need for the protective order they request.

## Motion to Bifurcate

Defendants ask that the issue of liability on the trademark and unfair competition claims be tried separately from the issues of punitive damages and piercing the corporate veil. In the alternative, the defendants request that the issue of punitive damages be heard separately from the other all claims in the case.

Defendants argue that bifurcation will likely result in a quicker resolution of the case, will encourage settlement, and will avoid the potential for jury confusion or bias.

Federal Rule of Civil Procedure 42(b) authorizes bifurcation of trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Courts have recognized that many factors may be relevant to the determination of whether or not to bifurcate proceedings. See O'Dell v. Hercules, Inc., 904 F.2d 1194, 1201-02 (8th Cir. 1990) ("In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion."); Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada, 2006 WL 1026992, *2 (E.D.Mo. 2006) ("Multiple factors govern whether bifurcation is appropriate in any given case, including the separability of the issues; simplification of discovery and conservation of resources; prejudice to the parties; and the effect of bifurcation on the potential for settlement.") District judges have considerable latitude in deciding the most efficient and effective method of disposing of the issues in a case, so long as a party is not prejudiced. Ireland v. Bauer Corp., 2006 WL 6869426, *2 (W.D.Mo. 2006).

Defendants have not demonstrated that they will be unduly prejudiced by a single trial on the issues of liability and damages. The claims against the defendants involve common issues of fact and law and the evidence against the defendants is so intertwined that separate trials would involve a duplication of efforts and an undue expenditure of time and money. Further, the defendants' assertion that bifurcation would promote a quicker settlement borders on fantasy, in light of the fact that the parties have consistently been unable or unwilling to compromise on even the most basic discovery issues. The Court is also unpersuaded that the parties would be able

to reach agreement with respect to whether certain discovery is relevant to liability or to damages, and anticipates that a bifurcated trial and/or discovery would result in requests for the Court's intervention to make such determinations.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the defendants' joint motion for a protective order [Doc. #154] is **denied**.

**IT IS FURTHER ORDERED** that the defendants' joint motion for bifurcation [Doc. #156] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2013.