UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVANTIGROUP, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11-CV-1328 (CEJ) |
| MANGIA MOBILE, LLC et al., | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on (1) plaintiff's cross-motion to compel the production of documents and deposition of Crystal Huff; (2) defendants' joint motion to quash plaintiff's subpoena to Mueller Prost PC; and (3) defendant Mangia Mobile's motion to compel plaintiff's responses to requests for production and answers to interrogatories. Memoranda have been filed in response to each motion, and the issues have been fully briefed.

### Plaintiff's Cross-Motion to Compel

On September 21, 2012, plaintiff served Ms. Huff with a subpoena to produce documents and appear for deposition. On September 25, 2012, Ms. Huff filed an objection to and motion to quash the subpoena, arguing that it did not provide her a sufficient amount of time for compliance. On October 4, 2012, plaintiff filed a cross-motion to compel the production of documents and deposition of Ms. Huff. Ms. Huff did not respond to the motion to compel, but on October 11, 2012, counsel for defendants filed a memorandum in opposition to the motion. Defendants' counsel does

not represent Ms. Huff in this litigation and does not have standing to oppose the plaintiff's efforts to secure her compliance with the subpoena.  Ms. Huff has now had more than three months to gather documents responsive to the subpoena and prepare for deposition. Accordingly, the plaintiff's cross-motion to compel will be granted.

### Defendants' Joint Motion to Quash

The plaintiff issued a subpoena to Mueller Prost PC, an accounting firm used by the defendants, requesting production of various accounting documents. The defendants oppose the subpoena, arguing that it violates the accountant-client privilege, was not timely, and does not allow reasonable time to comply. The only argument that the Court finds necessary to address is the issue of accountant-client privilege.

Missouri recognizes a confidential accountant-client privilege. Mo. Rev. Stat. § 326.322. However, this privilege does not exist under federal law; and in a fundamentally federal proceeding, the court may not recognize a state-created privilege. United States v. Margaritas Mexican Rest., Inc., 138 F.R.D. 566, 568-69 (W.D.Mo. 1991) (citing Couch v. United States, 409 U.S. 322, 335 (1973)).  In the instant case, the Court has exercised federal question jurisdiction over the Lanham Act claim asserted in the complaint and supplemental jurisdiction with respect to the state law claims.

Defendants cite to Rule 501 of the Federal Rules of Evidence in support of their argument that the accountant-client privilege should apply in this case. Rule 501 states that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege . . . shall be

determined in accordance with State Law." Defendant argues that because plaintiff's second amended complaint is "overly dependant [sic] on Missouri law," the Missouri accountant-client privilege should apply.

The Eighth Circuit has not provided a definitive answer on how to apply Rule 501 to cases in which both federal and state claims are raised. However, courts have generally applied federal privilege law if the material sought is relevant to both federal and state claims. See e.g. Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir. 2005); Pearson v. Miller, 211 F.3d 57, 66 (3d Cir. 2000); Hancock v. Dodson, 958 F.2d 1367, 1373 (6th Cir. 1992); Hancock v. Hobbs, 697 F.2d 462, 466 (11th Cir. 1992).; One court has specifically taken the view that federal privileges should always govern in the discovery stage. Hanson v. Allen Memorial Hospital, 141 F.R.D. 115, 121 (S.D. Iowa 1992) ("[I]n federal question cases where pendent state law claims are raised, the federal law of privileges should govern all claims of privilege raised in the litigation – at least where the issue is the discoverability of evidence."). The decisions in these cases are likely driven by the fact that the inherent nature of evidentiary privileges works to exclude relevant evidence and discourage the judicial fact-finding function, thereby causing them to be disfavored and narrowly construed. See United States v. Nixon, 418 U.S. 683 (1974).

The claims against the defendants in this case involve common issues of fact and law and the material sought is relevant to both the federal and state claims. For instance, the federal and state trademark claims share identical elements and all facts revolve around defendants' use of the "Mangia" name. The Court does not agree with defendants' contention that Missouri state law is the source of the rule of decision in

this case.  Because there is no federal law-based accountant-client privilege, the motion to quash the subpoena issued to Mueller Prost PC will be denied.

### Defendant Mangia Mobile's Motion to Compel

The third discovery matter in dispute relates to defendant Mangia Mobile's motion to compel plaintiff's responses to requests for production and answers to interrogatories.

Mangia Mobile argues that plaintiff has failed to produce or has not fully produced certain documents in response to its first request for production, specifically items 6, 10, 11, 15, 19, 20, 21, 23, 27, 28, and 29. Plaintiff states that it has fully produced the documents requested for items 10, 15, 20, 21, 23 and 28 and that no other non-privileged documents exist.

Plaintiff states that it believed it had produced all documents responsive to request 6, but "[c]ounsel has since further investigated and determined that proprietary software exists for its daily records and will gladly produce its daily records in their original electronic format."  Plaintiff also states that documents responsive to request 27 that were inadvertently omitted will be produced.

Plaintiff states that it produced all documents responsive to request 11 that were in its possession, and that it is in the process of obtaining additional non-privileged documents that are in the possession of a law firm.  With respect to request 19, plaintiff states that it will fully produce all documents related its expert report on damages.  Additionally, plaintiff states that it is in the process of acquiring the documents responsive to request 29 and will produce them.

In its motion, Mangia Mobile also argues that plaintiff has provided evasive and incomplete answers to interrogatories 2, 3, 14, and 19 of defendant's first set of interrogatories.  With respect to all but interrogatory 19, plaintiff has agreed to provide answers or produce responsive documents. The Court finds interrogatory 19 burdensome in that it asks plaintiff to produce every communication between plaintiff and defendant. Since this information is equally available to Mangia Mobile, the Court will not require plaintiff to answer the interrogatory.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's cross-motion to compel the production of documents and deposition of Crystal Huff [Doc. # 126] is **granted**. Crystal Huff is ordered to produce all documents responsive to plaintiff's subpoena by **January 31, 2013**, and to appear for a deposition at a mutually agreeable time and place.

**IT IS FURTHER ORDERED** that defendants' joint motion to quash plaintiff's subpoena to Mueller Prost PC [Doc. #135] is **denied**. Mueller Prost PC is ordered to produce all documents responsive to plaintiff's subpoena by **January 31, 2013**.

**IT IS FURTHER ORDERED** that defendant Mangia Mobile's motion to compel plaintiff's responses to requests for production and answers to interrogatories [Doc. #113] is **denied as to interrogatory 19 and is otherwise moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2013.