UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVANTIGROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:11-CV-1328 (CEJ) ) |
| MANGIA MOBILE, LLC et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant C.A.T. I, LLC's (C.A.T.) motion to dismiss the third amended complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiff has filed a memorandum in opposition, and the issues have been fully briefed.

### I. Background

Plaintiff brings this action asserting claims of trademark infringement under Mo. Rev. Stat. § 417.056 (Count I); trademark infringement under Missouri common law (Count II); unfair competition under Missouri common law (Count III); injunctive relief under Mo. Rev. Stat. § 417.061 (Count IV); and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) (Count V). Plaintiff further seeks to pierce the corporate veil of C.A.T. in order to hold the individual defendants personally liable (Count VI). The lawsuit stems from the defendants' operation of a food truck under a name that plaintiff claims to be confusingly similar to the name of plaintiff's restaurant.

### II. Legal Standard

---

[1]The motion to dismiss was filed in response to the second amended complaint. Plaintiff has now filed a third amended complaint containing the same allegations against C.A.T. as in the second amended complaint. Therefore, the motion to dismiss will be considered as being directed to the third amended complaint.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

### III. Discussion

In support of its motion to dismiss, C.A.T. contends that plaintiff has not pled any facts demonstrating that C.A.T. used any terms confusingly similar to plaintiff's trademark, engaged in unfair competition under Missouri law or the Lanham Act, or engaged in any acts causing injury to plaintiff's business reputation or dilution of plaintiff's trademark. C.A.T. further argues that plaintiff has not pled any facts that would support piercing the corporate veil.

Having considered the elements of each of plaintiff's claims and the allegations of the third amended complaint, the Court finds that the defendant has been provided fair notice of what the claims are and the facts upon which they rest. See Twombly, 550 U.S. at 555. Reading the complaint liberally, and taken in context with plaintiff's other allegations, plaintiff has done more than merely recite the elements of each its claims. Instead, plaintiff has stated plausible claims for relief. Plaintiff alleges that C.A.T. purchased the food truck, truck cover and insurance for the truck. Plaintiff further alleges that C.A.T. entered into an agreement to lease the food truck to defendant Mangia Mobile while the alleged infringement was occurring and that C.A.T. funds were used for the general operation of the food truck business. Plaintiff also alleges sufficient facts to support the allegation that C.A.T. was an alter ego of the individual defendants. Therefore, the facts, as alleged, are sufficient to state claims for infringement, unfair competition, and veil-piercing.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant C.A.T. I, LLC to dismiss the third amended complaint [Doc. # 109] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2013.