eoUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVANTIGROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1328 (CEJ) |
| ) | |
| MANGIA MOBILE, LLC et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to modify plaintiff's subpoenas duces tecum. Plaintiff has filed a memorandum in opposition and the issues have been fully briefed.

On January 23, 2013, plaintiff served US Bank, the Business Bank of St. Louis, US Food Service, and Five Star Insurance Agency with subpoenas requesting documents for production by February 22, 2013. In a letter, dated February 5, 2013, defendants objected to the subpoenas. [Doc. #183-5]. On March 6, 2013, defendants filed the instant motion arguing that the subpoenas are: (1) overly broad because they are not limited to the relevant time period and (2) so vague that the subpoenaed parties may mistakenly produce unrelated information.

Plaintiff argues that the instant motion is untimely. Federal Rule of Civil Procedure 45(c)(2)(B) provides that "[a] person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection . . . before the earlier of the time specified for compliance or 14 days after the subpoena is served." The subpoenas were issued on January 23, 2013 and defendants objected 13 days later on February 5, 2013. The defendants filed their

motion to modify plaintiff's subpoenas on March 6, 2013, which the Court finds to be timely. See Fed. R. Civ. P. 45(c)(3)(A) (instructing that the motion be timely without designating an exact time period). Furthermore, because defendants have a legitimate privacy interest in their own bank and business records, they have standing to object to the information requested in plaintiff's subpoenas. See Nat'l Benefit Programs, Inc. v. Express Scripts, 2011 WL 6009655, at *3 (E.D. Mo. Dec. 1, 2011); Union Pac. RR. v. Mike's Train House, Inc., 2006 U.S. Dist. LEXIS 23589 (D. Neb. Apr. 25, 2006) (a personal privilege or right in information provides a non-subpoenaed party the ability to object to a subpoena).

Defendants request that the subpoenas be modified to limit the production of documents from January 1, 2009 to the present. Plaintiff argues that information prior to 2009 is discoverable because it is relevant to issues of alter ego, funding for Mangia Mobile, and punitive damages. While the Court agrees that discovery on those issues are relevant, the need for information prior to the events giving rise to the instant case is not. The earliest relevant date alleged in plaintiff's third amended complaint is July 23, 2009, the date C.A.T. I was created. [Doc. #155]. Accordingly, the production of documents will be limited to January 1, 2009 to the present.

Defendants also request that the subpoenas be modified so as to prevent the production of documents relating to any non-party businesses in which defendants have an interest. Defendants provide two examples in which the plaintiffs request the production of documents pertaining to all communications with defendants, which defendants argue could include communications involving other non-party businesses. In Count VI of the third amended complaint, plaintiff asserts that the failure of defendants to observe corporate formalities "factors in favor of piercing the corporate

shields of Mangia Mobile, LLC and C.A.T. I (which have also co-mingled assets between themselves and the retirement businesses controlled by Thomas Daake, Sr. and Adele Daake)." Federal Rule of Civil Procedure 26(b)(1) instructs that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). The Court finds that information about non-party businesses, particularly concerning the transfer of assets from Mangia Mobile or C.A.T. I. is relevant to plaintiff's claim to pierce the corporate veil.

Additionally, plaintiff's third amended complaint seeks an award of punitive damages. "[A] plaintiff seeking punitive damages is entitled to discover information relating to defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages. Doe v. Young, No. 4:08CV197, 2009 U.S. Dist. LEXIS 12116, at *6 (E.D. Mo. Feb. 18, 2009). Although plaintiff is entitled to discovery of plaintiff's financial information in advance of trial, the Court has the discretion to limit the scope of discovery. See Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 361 (8th Cir. 2003). Defendants argue that information regarding their interests in non-party companies is irrelevant, but do not provide any support for their contention. The Court finds that these interests are relevant to defendants' overall net worth and the requests are not overly burdensome since the Court has limited the scope of discovery from January 1, 2009 to the present.

**IT IS HEREBY ORDERED** that defendants' motion to modify plaintiff's subpoenas duces tecum [Doc. # 183] is **granted in part**. The documents to be produced by US Bank, the Business Bank of St. Louis, US Food Service, and Five Star Insurance Agency shall be limited to the time period January 1, 2009 to the present.

IT IS FURTHER ORDERED that the deadline for production of the documents responsive to the subpoenas is **May 1, 2013**.

IT IS FURTHER ORDERED that the motion to modify is **denied in all other respects**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of April, 2013.