UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVANTIGROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:11-CV-1328 (CEJ) |
| MANGIA MOBILE, LLC et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is defendants' second motion to bifurcate the trial. Plaintiff has filed a memorandum in opposition, and the issues are fully briefed.

The plaintiff brings this action to recover damages based on the defendants' alleged infringement of plaintiff's trademark. The defendants operated a food truck under the name "Mangia Mobile" which plaintiff contends was confusingly similar to the name of plaintiff's restaurant. The defendants utilized the Mangia Mobile name in connection with its food truck for approximately ten months; they ceased operating when a preliminary injunction was issued.

Defendants ask that the issues of piercing the corporate veil and *de facto* partnership be tried separately after the issues of liability and damages have been decided. Defendants argue that a bifurcated trial would eliminate prejudice to the defendants; avoid the potential for jury confusion; and promote judicial economy because the evidence relating to piercing and *de facto* partnership will not have to be presented if defendants are not found liable or if the judgment is fully covered by their insurance policy. Defendants further argue that bifurcation would not prejudice plaintiff because discovery has already been conducted on all issues.

In its response, plaintiff questions the defendants' motives for requesting bifurcation. Plaintiff argues that the evidence supporting its piercing and *de facto* partnership theories (*e.g.*, transfers/assignments of ownership, creation of trusts, and back-dating of documents) is relevant to the issues of willful infringement and punitive damages. Thus, plaintiff argues, the evidence it intends to present would be the same even if bifurcation is ordered.

Federal Rule of Civil Procedure 42(b) authorizes bifurcation of trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Courts have recognized that many factors may be relevant to the determination of whether or not to bifurcate proceedings. See O'Dell v. Hercules, Inc., 904 F.2d 1194, 1201-02 (8th Cir. 1990) ("In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion."); Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada, 2006 WL 1026992, *2 (E.D.Mo. 2006) ("Multiple factors govern whether bifurcation is appropriate in any given case, including the separability of the issues; simplification of discovery and conservation of resources; prejudice to the parties; and the effect of bifurcation on the potential for settlement."). District judges have considerable latitude in deciding the most efficient and effective method of disposing of the issues in a case, so long as a party is not prejudiced. Ireland v. Bauer Corp., 2006 WL 6869426, *2 (W.D.Mo. 2006).

Previously, the defendants filed a motion to bifurcate (requesting that the issues of liability be tried separately from the issues of punitive damages and piercing the

corporate veil) which was denied by the Court. [Doc. #164]. However, the subsequent course of this litigation shows that the factual inquiry in this case has become far more expansive than anyone could have reasonably expected, given the limited nature of the plaintiff's claims. Consequently, the Court believes that it is appropriate to reconsider the issue of bifurcation.

The plaintiff has sought discovery relating to the structure of defendants' businesses and trusts and the relationship between the individual defendants, the trusts and defendant Mangia Mobile. In response, numerous documents have been produced. Plaintiff's pre-trial exhibit list is 87 pages long and contains more than 650 exhibits.[1] A good number of these exhibits appear to be documents pertaining to plaintiff's piercing and *de facto* partnership theories of liability. Given the volume of documents that plaintiff proposes to offer at trial, it is difficult to believe that bifurcation would not significantly streamline the presentation of evidence.

Bifurcation will allow the jurors to focus on the main issues in this case: did defendants infringe plaintiff's mark and/or engage in unfair competition and, if so, what amount of damages is plaintiff entitled to recover? These issues can easily be decided without consideration of evidence relating to piercing or *de facto* partnership. Further, plaintiff will not be prejudiced by bifurcation, which would simply require the parties in the first instance to present evidence relevant to the issue of infringement/unfair competition and damages.

During the motion hearing on February 3, 2014, the Court attempted to convey its deep concern that plaintiff's counsel may have lost focus of what this case is all

---

[1]The defendants' list is 14 pages long and contains more than 180 exhibits.

about.[2] Based on the manner in which this litigation has proceeded there is ample reason to believe that has in fact occurred. Therefore, the Court must be concerned about whether that lack of focus will carry over into the trial, unnecessarily lengthening the proceedings and confusing the jury as well. The Court believes that bifurcation will serve the goals of judicial economy and avoiding confusion, without prejudice to any party.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion for bifurcation [Doc. #304] is **granted**.

                                                          _/s/ Carol E. Jackson_
                                                          CAROL E. JACKSON
                                                          UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2014.

---

[2] It bears repeating that this case involves a small restaurant and a food truck and *a claim of infringement that lasted, at best,* for *10 months*. In October 2011, the plaintiff was granted an injunction which remains in effect; thus, *the infringement (if it occurred at all) stopped more than two years ago*. Even if willful infringement is established, one wonders whether the amount of damages that reasonably could be recovered would come even close to the expense that has been incurred.

It is possible that plaintiff's counsel's approach to this case has been influenced by the frustrations encountered in obtaining discovery and in communicating with defendants' counsel. If so, it is unfortunate that plaintiff's counsel allowed himself to be sidetracked by these issues.